United States District Court
Southern District of Texas

**ENTERED**

June 07, 2021

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-16-317-8 |
| | § | CIVIL ACTION NO. H-20-1250 |
| TERRY DWIGHT WASHINGTON, | § | |
| | § | |
| Defendant-Movant. | § | |

**MEMORANDUM AND RECOMMENDATION**

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Terry Dwight Washington's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 411).[1] After reviewing Movant's § 2255 Motion, the Government's Answer, and Movant's Response thereto, the record of the proceedings before the District Court in the underlying criminal case, and the applicable case law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Terry Dwight Washington's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 411) be DENIED.

**I.     Procedural History**

Movant Terry Dwight Washington ("Washington"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is Washington's first attempt at § 2255 relief.  Washington challenges his § 924(c) conviction

---

[1] Terry Dwight Washington's  Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-20-1250 and at Document No. 411 in Criminal Action No. H-16-317. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

based on the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319

(2019).

On July 26, 2016, Washington, and eleven others, were charged in a 13-count Indictment.

(Document No. 1).  Washington and his co-defendants were charged with conspiracy to interfere

with commerce by robbery in count one.  Counts 8 and 9 charged Washington with aiding and

abetting interference with commerce by robbery and aiding and abetting brandishing and carrying

a firearm in furtherance of a crime of violence.  Washington pleaded guilty to the Indictment on May

26, 2017.  (Transcript of Rearraignment, Document No.429). The transcript of the Rearraignment

hearing shows that Washington understood the charges against him, the elements of the crimes, the

rights he would give up if he pleaded guilty, the possible penalties, the sentencing process, and was

pleading guilty because he was guilty.  (Document No. 429, p. 6, 9-10, 12-26 ).

The record further reflects that the Government summarized the facts it was prepared to

prove if the case proceeded to trial.  (Document No. 429, p. 34-35).  In response, Washington

confirmed the accuracy of the summary and his role in the offense. (Document No. 429, p. 35).  The

Prosecutor summarized the facts as follows:

> Mr. Hanes: On March the 3rd, 2016 three African American males entered the ANF
> Auto Finance at 6004 North Shepherd Drive, Houston, Texas posing as customers.
> At approximatley 5:54 the three African American males, later identified as Terry
> Washington, Kevin Gray and Edward Lavergne, committed the aggravated robbery
> of the customers and business.  One of the robbers pulled a handgun out and waved
> it around, intimidating all the legitimate customers of the business.  One of the
> robbers went from person to person stealing United States currency from their
> persons.  The third robber took a position near the door of the business preventing
> people from entering or leaving the business.
>
> During the robbery one of the robbers was on the phone with another person outside
> the store.  After having stolen all the United States currency from the customers and
> the business, the robbers executed the business---- I'm sorry exited the business
> leaving the lot in a gray Dodge Avenger.  Video surveillance from the business

clearly showed the faces of the three robbers, allowing officers to identify the robbers as Kevin Gray, Terry Dwight Washington and Edward Lavergne. Investigators were able to identify the owner of the Dodge Avenger used in the robbery as Raven Broussard, girlfriend of Kevin Gray.

On March 16th, 2016 Kevin Gray and Terry Washington were arrested on warrants. At the time of the arrest they were occupying the Gray Dodge Avenger owned by Raven Broussard. At all times pertinent to the activity described above, ANF Auto Finance was in the business of the purchase, sale and financing of automobiles which traveled in and affected interstate commerce.

(Document No. 429, p. 34-35). The record further shows that Washington confirmed his role in the offense as follows:

The Court: Mr. Washington, would you tell me in your words, please, what it is you did to commit the crimes to which you are pleading guilty this morning.

Defendant Washington: Me and co-defendants robbed that ANF, the car dealership.

The Court: Pretty much what Mr. Hanes said?

Defendant Washington: Yes, ma'am.

(Document No. 4429, p.35)     Prior to sentencing, a Pre-Sentence Investigation Report ("PSR") was prepared. (Document Nos. 298,299). Washington filed written objections to the PSR (Document No. 327).[2]  Washington had an offense level of  20, which was reduced by three levels for acceptance of responsibility. With an offense level of 17, and with a criminal history category of VI, Washington had an advisory guideline sentencing range of 51 to 63 months, and a mandatory minimum term of imprisonment of 7 years to be served consecutive to any other term of imprisonment. The record reflects that prior to sentencing, Washington submitted a Sentencing Memorandum arguing for a total term of imprisonment of seven years, which would reflect his

---

[2] The record shows that Washington objected to the PSR's characterization of him being a known member of the Bloods street gang. He further objected to his release status because he had been in custody since the date of his arrest on March 16, 2016, and had never been on bond.

mental health and substance abuse issues that contributed to his committing the instant offense. (Document No. 288).

On June 25, 2019, Washington was sentenced to concurrent terms of 63 months as to Counts 1 and 8, to run consecutive to a term of 84 months as to Court 9, for a total term of imprisonment of 147 months, to be followed by a  total five year term of supervised release. (Document No.418, p. 6-10).  Judgment was entered on July 8, 2019.  (Document No.334). Washington did not appeal to the Fifth Circuit United States Court of Appeals. His conviction became final on July 22, 2019. On April 6, 2020, Washington filed the instant § 2255 motion.  (Document No. 411).

## II.  Discussion

Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999)(citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)). Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in Section 2255 proceedings, absent a showing of cause for the procedural default and actual prejudice resulting from the error, or that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).  The cause showing requires the  movant to demonstrate that "some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996).  Factors the court considers include "a showing that the factual or legal basis for the

claim was not reasonably available to counsel at the prior occasion." *Id.* In addition, in the context

of a guilty plea, the movant must demonstrate that but for the error he would have not pleaded guilty

but would have proceeded to trial. *Id.* at 994.

Washington challenges his § 924(c) conviction under the United States Supreme Court's

decision in *United States v. Davis*, 139 S.Ct. 2319 (2019). Washington argues that his count one

conviction for conspiracy to commit Hobbs Act robbery under § 1951(a) cannot be a crime of

violence under § 924(c) because it does not have as an element the use, attempted use, or threatened

us of physical force under § 924(c)(3)(A). He further argues that his plea was not knowing and

voluntary.

The Government responds that Washington is procedurally barred from challenging the

constitutionality of his conviction and sentence because he did not raise the argument on direct

appeal, and he has not shown cause for the failure. Additionally, the Government responds that

Washington's claim fails as a matter of law because *Davis* does not apply as his predicate offense

was aiding and abetting Hobbs Act robbery. The Magistrate Judge agrees.

Washington is raising his *Davis* claim for the first time on collateral review. The record

shows that Washington was aware of *Davis* at the time he was sentenced. The transcript shows that

the decision, and in particular, its application to Washington's case was addressed, and both the

government and Washington's counsel agreed *Davis* did not apply. (Document No. 418, p. 4).

Nonetheless, had Washington appealed, he could have raised a *Davis* claim, and a vagueness

challenge to § 924(c)(3)(B) since the claim was not "novel" at that time. *See Dugger v. Adams*, 489

U.S. 401, 409-10 (1989)(noting that a claim is not novel where "the legal basis for a challenge was

plainly available"). As for prejudice, Washington has not shown that but for the unconstitutionality

vague definition of a crime of violence under the residual clause of § 924(c)(3)(B), he would not have been under Count 9, which was predicated on aiding and abetting Hobbs Act Robbery (Count 8).

Washington relies on *United States v. Davis*, 139 S.Ct. 2319, 2324 (2019), in which the Supreme Court held that the residual clause contained in § 924(c) is unconstitutionally vague. *Cf Sessions v. Dimaya*, 138 S.Ct. 1204 (2018)(invalidating the residual clause of 18 U.S.C. § 16(b) as unconstitutionally vague); *see also Johnson v. United States*, 135 S.Ct. 2551 (2015).  18 U.S.C. § 924(c) provides for "heightened criminal penalties for using or carrying a firearm 'during and in relation to' or possessing a firearm 'in furtherance of' any federal 'crime of violence or drug trafficking crme.'" *Id*. (quoting 18 U.S.C. § 924(c)(1)(A)).  The statute has a two part definition of a crime of violence: subsection (A) or the elements clause and subsection (B) or the residual clause. A "crime of violence" ("COV") is defined as "an offense that is a felony and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing that offense.

18 U.S.C. § 924(c)(3).  In *Davis*, the Supreme Court held that the residual clause of the statute was unconstitutionally vague.  *Id.* at 2336.

Washington was convicted of conspiracy to commit Hobbs Act robbery (Count 1) *and* aiding and abetting interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) and 2, and brandishing a firearm during a crime of violence under § 924(c)(1)(A)(ii)(Counts 8 & 9).  The

underlying crime of violence was not conspiracy to interfere with robbery as alleged in count one.[3]

Rather, the underlying crime of violence was aiding and abetting Hobbs Act robbery.

The law is clear that Hobbs Act robbery qualifies as a crime of violence under the elements

clause of § 924(c)(3)(A).  *United States v. Buck*, 847 F.3d 267, 274-75 (5th Cir. 2017); *See also*

*United States v. Bowens*, 907 F.3d 347, 353-54 (5th Cir. 2018)("We have reiterated *Buck* in at least

five cases.  Accordingly, we reject [the defendant's] contention that Hobbs Act robbery fails to

qualify as a [crime of violence] predicate.").  "Aiding and abetting is not a separate offense; it is

simply one means of committing the underlying crime."  *Ortega-Lopez v. Barr,* 978 F.3d 680, 687

n.9 (9th Cir. 2020)(citation and internal quotation marks omitted). Because Hobbs Act robbery is

a crime of violence, it follows that aiding and abetting Hobbs Act robbery qualifies as a crime of

violence under the elements clause of § 924(c)(3)A).  *See United States v.* Henry, 984 F.3d 1343,

1356 (9th Cir. 2021); United *States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020); *United*

*States v. McKelvey*, 773 Fed. Appx. 74, 75 (3rd Cir. 2019); *United States v. Garcia-Ortiz*, 904 F.3d

102, 109 (1st Cir. 2018); *United States v. Deiter*, 890 F.3d 1203, 1215-16 (10th Cir. 2018); *In re*

*Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016). Washington's procedural default of his *Davis* claim

is not excused by cause  and prejudice because his *Davis* claim was reasonably available to him

---

[3] Had Washington's underlying crime of violence conviction been conspiracy to interfere with commerce by robbery then his § 924(c) conviction would not stand.  *See United States v. Lewis*, 907 F.3d 891, 894-95 (5th Cir. 2018)(holding that conspiracy to commit Hobbs Act robbery cannot serve as the underlying crime of violence for a § 924(c) conviction).  *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019)("[C]onspiracy is a crime distinct from the crime that is the objective of the conspiracy.  To convict Reece of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force.  Therefore, Reece's conviction for conspiracy to commit bank robbery cannot be a COV under § 924(c)(3)'s elements clause.  That the object crime of the conspiracy constituted a COV is irrelevant.")(footnote omitted).

when he could have filed a direct appeal. Additionally, he has not shown actual innocence. Washington admitted to the factual basis of aiding and abetting the armed robbery of ANF Auto Finance at his Rearraignment. (Document No. 429, p. 34-35).

Washington also argues that his guilty plea was not knowing and voluntary because he did not know that his conspiracy to commit Hobbs Act robbery failed to qualify as a predicate crime of violence for his § 924 charge. The transcript of his Rearraignment shows otherwise.

To be valid, a guilty plea needs to be both knowing and voluntary, *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986), which means that "a defendant must have full knowledge of what the plea connoted and of its consequences." *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019) (citing *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)). "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Perez*, 690 Fed. Appx. 191, 192 (5th Cir. 2017). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *Lord*, 915 F.3d at 1016 (quoting *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995)). "[A] voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Bousley v. United States*, 118 S.Ct. 1604, 1610 (1998)(quoting *Mabry v. Johnson*, 104 S.Ct. 2543, 2546-47 (1984)).

At his Rearraignment, Washington confirmed under oath that he understood the charges against him and the potential consequences that he faced before he entered his guilty plea. He also confirmed that no one threatened or forced him to plead guilty, and that he was pleading guilty because he was guilty. Washington confirmed that he was satisfied with the advice given by

counsel.  His representations during his Rearraignment impose a "heavy burden" of proof upon the

defendant to show that his plea was not voluntarily and knowingly made. Washington has not shown

that he was misinformed or that his guilty plea was coerced.  Washington has not overcome the

heavy burden of proving that he is entitled to relief on his claim that his plea was involuntary.

Additionally, the record shows that Washington did not pursue a direct appeal.  The Supreme Court

in *Bousley v. United States*, 523 U.S. 614, 621 (1998) observed:

> [T]he voluntariness and intelligence of a guilty plea can be attacked on collateral
> review only if first challenged on direct review.  Habeas review is an extraordinary
> remedy and will not be allowed to do service for an appeal.  Indeed, the concern with
> finality served by the limitation on collateral attack has special force with respect to
> convictions based on guilty pleas.

Washington fails to show cause for his procedural default and actual prejudice resulting from

the error, or that the alleged constitutional violation probably resulted in the conviction of one who

is actually innocent.  *Shaid*, 937 F.3d at 231.  As such, Washington's claim that his guilty plea was

not knowing and voluntary fails as a matter of law, and is also procedurally barred.  *Id.* at 232.

## III.  Conclusion and Recommendation

Based on the foregoing, it is

RECOMMENDED that Movant Terry Dwight Washington's § 2255 motion (Document No.

411) be DENIED.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented

parties of record.  Within 14 days after being served with a copy, any party may file written

objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed.R.Civ.P. 72(b), and General Order 80-5, S.D.

Texas.  Failure to file objections within such period shall bar an aggrieved party from attacking

factual findings on appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir.

1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en

banc).  Moreover, absent plain error, failure to file objections within the fourteen day period bars

an aggrieved party from attacking conclusions of law on appeal.  *Douglass v. United Services*

*Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).  The original of any written objections

shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 7th day of June, 2021.


Frances H. Stacy
United States Magistrate Judge